**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**AARON SCOTT MASIKER**                                                          **PETITIONER**

**v.**                          **NO. 4:23-cv-01215-KGB-PSH**

**DEXTER PAYNE**                                                          **RESPONDENT**

RECOMMENDATION

INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

In this case, filed pursuant to 28 U.S.C. 2254, petitioner Aaron Scott Masiker ("Masiker") challenges his guilty plea. His challenge is premised on claims that he was never provided discovery, his right to a speedy trial was violated, his plea was involuntary because he suffers from a mental defect and was never apprised of his legal rights, and his trial attorney was ineffective. It is recommended that this case be dismissed because Masiker's claims are procedurally barred from federal court review.

The record reflects that Masiker was charged in an Arkansas state trial court with aggravated robbery and theft for having robbed a gas station. Prior to trial, he underwent an examination to determine his criminal responsibility at the time of the offenses and his fitness to proceed to trial. A psychologist concluded that Masiker did not have a mental disease or defect at the time of the offenses and was fit to procced to trial. Masiker did not object to the psychologist's conclusions.

In June of 2023, Masiker entered a negotiated plea of guilty to robbery and theft of property. As a part of his plea, he signed a plea agreement. Respondent Dexter Payne ("Payne") summarized some of the relevant terms of the agreement, terms that include the following:

... Masiker acknowledged that he had received a copy of the information and understood the charges against him. ... He acknowledged that his counsel had explained the nature of the charges against him, answered all of his questions, and that he had no complaints about counsel's representation. ... He also acknowledged that by pleading guilty he was giving up his "right to a public and speedy trial by jury." ...

Moreover, he acknowledged that he did "not suffer from any mental disease or defect" and that he was "of sound mind and fully [understood]" that he was pleading guilty. ... Masiker acknowledged that he was not "threatened, coerced, pressured, or intimidate[d] in any way by anyone, and no force of any kind [was] used against [him] to get [him] to plead guilty to any offense." ... He also reviewed the sentence recommendation, discussed it with counsel, and was "willing to plead guilty and accept the recommendation." ...

See Docket Entry 9 at CM/ECF 3. At the plea hearing, Masiker acknowledged, inter alia, that he committed the criminal offenses as alleged, understood the rights he was waiving by pleading guilty, and had not been threatened or intimidated into pleading guilty.

Masiker was sentenced to the custody of the Arkansas Division of Correction ("ADC"). He did not appeal any aspect of his guilty plea or sentence, and he never filed a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 ("Rule 37").[1]

---

[1] Arkansas Rule of Appellate Procedure-Criminal 1(a) provides that there is no direct appeal from a guilty plea, although there are exceptions. See Canada v. State, 2014 Ark. 336, 439 S.W.3d 42 (2014). Arkansas Rule of Criminal Procedure 37.2 provides that a Rule 37 petition must be filed within ninety days of the entry of judgment.

In December of 2023, Masiker began this case by filing the petition at bar. He raised several intertwined claims in the petition. In claim one, he alleged that he was never provided discovery and therefore did not know the evidence against him, only saw his attorney at court appearances, and was not prosecuted within what he represented to be the twelve month statute of limitations. In claim two, Masiker alleged that he was tricked, and otherwise threatened, into pleading guilty and failed to receive the benefit of what he characterized as the "first offenders act." See Docket Entry 1 at CM/ECF 6. In claim three, Masiker alleged that his trial attorney was ineffective because she failed to meet with him prior to trial and was part of a "deal with the prosecutor" to obtain his guilty plea. See Docket Entry 1 at CM/ECF 8. In claim four, Masiker alleged that he suffers from a mental illness which requires prescription medication and, at times, in-patient hospitalization, and the state trial court failed to thoroughly evaluate and/or take into consideration his mental condition before accepting his guilty plea.[2]

---

[2]    Masiker also represented in the petition that he was confined at the White County Detention Facility in Searcy, Arkansas. In two separate, subsequently entered Orders, he was notified of his responsibility to comply with, inter alia, Local Rule 5.5(c)(2), which provides, in part, that a pro se litigant must promptly notify the Clerk of the Court and the other parties of any change in the litigant's address. Local Rule 5.5(c)(2) also provides that a case can be dismissed without prejudice if any communication from the Court to a pro se litigant is not responded to within thirty days.

Payne filed a response to the petition. In the response, Payne maintained that Masiker's petition should be dismissed because his claims are procedurally barred from federal court review, were waived by his guilty plea, or are otherwise without merit.

The undersigned briefly reviewed Payne's response, then entered an Order giving Masiker up to, and including, April 19, 2024, to file a reply to the response. The Order was sent to Masiker at the address he provided the Clerk of the Court ("Clerk") at the commencement of this case, i.e., the White County Detention Facility in Searcy, Arkansas. The envelope containing the Order was subsequently returned marked "Return To Sender, Unclaimed, Unable To Forward." See Docket Entry 11.

The undersigned eventually determined that Masiker is now in the custody of the ADC, being housed at the Grimes Unit. Although Masiker failed to comply with Local Rule 5.5(c)(2), the undersigned accorded him another opportunity to file a reply to Payne's response. Masiker was given up to, and including, May 23, 2024, to do so.[3]

May 23, 2024, has now come and gone. Masiker has filed nothing in reply to Payne's response.

---

[3]     The Clerk was directed to, and did in fact, send Masiker copies of Payne's response and the Order soliciting a reply. The copies were sent to Masiker at his Grimes Unit address.

A federal court cannot consider a claim if the petitioner failed to first present it to the state courts in accordance with the state's procedural rules. See Shinn v. Ramirez, 596 U.S. 366 (2022). A claim not so presented may nevertheless be considered in one of two instances. First, it can be considered if the petitioner can show cause for his procedural default and prejudice. See Burford v. Payne, No. 4:20-cv-00398-KGB-JJV, 2020 WL 8299805 (E.D. Ark. July 15, 2020), report and recommendation adopted, No. 4:20-cv-00398-KGB, 2021 WL 280880 (E.D. Ark. Jan. 27, 2021).  Second, the claim can be considered if the petitioner can show that the failure to consider the claim will result in a fundamental miscarriage of justice, that is, a constitutional violation has resulted in the conviction of one who is actually innocent. See Id.

Here, Masiker did not present, and pursue to a final resolution, the claims at bar in the state courts of Arkansas.[4] He could not have raised the claims in a direct appeal of his guilty plea, and there is no record of him having filed a timely Rule 37 petition raising the claims. Thus, he has procedurally defaulted the claims, and the only question is whether his default can now be excused.

---

[4]     Although Masiker raised the mental competency issue prior to his guilty plea, he did not pursue the issue to a conclusion in the trial court and never presented the claim to the state appellate courts in any manner.

Liberally construing Masiker's pro se petition, he appears to maintain that his procedural default should be excused because he has been proceeding without the assistance of counsel and has no knowledge of how the courts operate, officials at the White County Detention Facility provided no assistance to him, and his trial attorney was ineffective. Masiker's apparent assertions are unavailing for the reasons that follow.

First, Masiker has been proceeding without the assistance of counsel, and the undersigned accepts that he has no knowledge of how the courts operate. Those facts, though, do not excuse his procedural default. "[A] petitioner's pro se status, lack of education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently external to constitute cause excusing a procedural default." See Boyd v. Kelley, No. 5:17-cv-00325-DPM-JTK, 2019 WL 2866499, 5 (E.D. Ark. May 6, 2019), report and recommendation adopted, No. 5:17-cv-00325-DPM, 2019 WL 2864750 (E.D. Ark. July 2, 2019).

Second, the undersigned accepts Masiker's representation that officials at the White County Detention Facility provided no assistance to him in presenting his claims to the state courts. Their failure to do so, though, cannot excuse his procedural default. The undersigned knows of no authority requiring jail officials to assist a petitioner in presenting his

claims to the state courts, and there is no evidence that the officials' failure to assist him was "some objective factor" impeding the exercise of his rights. See Id. (showing of cause ordinarily turns on evidence that some objective factor external to the defense impeded petitioner's efforts to comply with state's procedural rules.)

Last, before ineffective assistance of counsel can be used to establish cause for a procedural default, ineffective assistance of counsel must first be presented to the state courts as an independent Sixth Amendment claim. See Lane v. Kelley, No. 5:16-cv-00355-DPM-JTR, 2017 WL 5473925 (E.D. Ark. Nov. 14, 2017), report and recommendation adopted, No. 5:16-cv-00355-DPM, 2017 WL 6542748 (E.D. Ark. Dec. 21, 2017). Masiker never presented an ineffective assistance of counsel claim to the state courts as an independent Sixth Amendment claim, and he cannot now use ineffective assistance of counsel to establish cause for his default.

Alternatively, Martinez v. Ryan, 566 U.S. 1 (2012), provides a means for excusing a procedural default when there is no counsel in an "initial-review collateral proceeding."[5] The Martinez exception, though, is of no benefit to Masiker in this instance.

---

[5]     In Martinez v. Ryan, 566 U.S. 1 (2012), the United States Supreme Court held that ineffective assistance of post-conviction counsel can excuse the procedural default of a substantial claim of ineffective assistance of trial counsel.

"Federal district courts in Arkansas have consistently held that a habeas petitioner … must, at a minimum, initiate a 'state collateral review proceeding' by filing a Rule 37 petition with the state trial court before he can rely on Martinez to excuse his procedural default." See Lane v. Kelley, 5:16-cv-00355-DPM-JTR, 2017 WL 5473925, 4 (E.D. Ark. Nov. 14, 2017), report and recommendation adopted, 5:16-cv-00355-DPM, 2017 WL 6542748 (E.D. Ark. Dec. 21, 2017). Here, Masiker never initiated a state collateral review proceeding by filing a Rule 37 petition.

Notwithstanding the foregoing, a showing of actual innocence can excuse a procedural default. The petitioner must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Schlup v. Delo, 513 U.S. 298 (1995). Masiker has failed to make that showing as he has not offered "new evidence that affirmatively demonstrates that he is innocent of the crime[s] for which he was convicted." See Abdi v. Hatch, 450 F.3d 334, 338 (2006).

Accordingly, the undersigned finds that Masiker failed to give the state courts of Arkansas an opportunity to address the claims at bar. He cannot show cause for his procedural default, and he cannot show that a fundamental miscarriage of justice will occur if the claims are not considered. The claims are procedurally barred from federal court review.

It is therefore recommended that Masiker's petition be dismissed, all requested relief be denied, and judgment be entered for Payne. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied. Masiker cannot make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. 2253(c)(2).

DATED this 4th day of June, 2024.

_____

UNITED STATES MAGISTRATE JUDGE